10209-U0815
JLB/kmp

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LOREN W. JASPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Law No.:  4:13 CV 04068 |
| | ) |
| JOE OLSON;  DR. DAN WILLIAMS, DR. ADEYEMI FATOKI, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF ADEYEMI FATOKI, M.D.**

State of Illinois )
                           )
County of _____ )

I, ADEYEMI FATOKI, M.D., declare under penalty of perjury that the following is true and correct and would testify to the same if called to upon to do so:

1.      I am a physician licensed to practice medicine in the State of Illinois and have been so licensed at all times pertinent to the above-captioned matter.

2.      At all times pertinent to the above-captioned matter, Correctional Healthcare Companies, Inc., ("CHC") was a private correctional healthcare company that was under contract to provide medical care at certain jails, including the Mercer County Jail.

3.      Plaintiff Loren Jasper was incarcerated at the Mercer County Jail on an aggravated criminal sexual abuse felony charge from 1/11/13 until 10/28/13, at which time he was transferred to the custody of the Rock Island County Jail for a separate aggravated criminal sexual abuse felony charge. He was incarcerated previously in Iowa for forgery and theft. See Exhibit 2, Bates Stamp Nos. HRVA 26, 28, 30.

**EXHIBIT
A**

1

4.      During the time period in question, Dan Williams, P.A., and I were employed by CHC to provide care to Mercer County Jail inmates.

5.      The CHC-Jail contract provided that CHC was to provide dental screenings but not dental care. In the event dental care was medically necessary, the inmate was to be referred out to an external provider. Generally, if inmates at the jail complained of dental issues, they would be evaluated, given Orajel and/or Tylenol and/or Ibuprofen for pain and antibiotics if there is an infection. If antibiotics are ineffective in resolving an infection, I refer the inmate out to a dentist and/or oral surgeon.

6.      During the course of my treatment of Plaintiff, and/or in preparing this Declaration, I have reviewed Plaintiff's medical, dental and correctional records from the Mercer County Jail and Rock Island County Jail, including the records which are attached hereto as Exhibits 1 (Bates Stamp Nos. Mercer 1-111) and 2 (Bates Stamp Nos. HRVA 025-108).

7.      The records included within Exhibits 1 and 2 are records kept in the ordinary course of my medical practice and in the ordinary course of Mercer County Jail and Rock Island County Jail operations, and are true and correct copies thereof.  The records are of the type reasonably relied upon by physicians in formulating opinions such as the ones expressed herein.

8.      A Mercer County Jail Intake Acceptance Questionnaire states that Plaintiff did not have any known problems and did not require any prescription medications. See Exhibit 1, Bates Stamp No. Mercer 56.

9.      An initial health assessment was performed by Carrie Melvin, L.P.N., with respect to Plaintiff on 1/15/13. While the oral screening was "poor," "no acute abnormalities [were] noted." Plaintiff had a history of heroin and pot use. Chronic diseases reported included bipolar

2

disorder, glaucoma and COP. Plaintiff was seeing Julio Santiago, M.D., for out-patient mental health treatment. Current psychotropic medications included Buspar and Lexapro. Plaintiff reported that he was also prescribed Tramadol by Dr. Santiago. See Exhibit 1, Bates Stamp No. Mercer 88-89.

10.    P.A. Williams saw Plaintiff on 1/28/13 for medication management. The subjection section of P.A. Williams' note states: 43 year old with complaint of Bipolar Disorder around ten years ago, no history of psych hospitalizations, acute glaucoma, 1981--at nine years of age suicide attempt no attempt since. The objective section of P.A. Williams' note states: last Dr. visit 4-26-12, pos hx of neck strain and pain, MRI negative as per patient, eyes PERRLA Pupils equal, round and reactive to light and accommodation, good EOM [extra ocular movement], NV intact [neuro vascular intact]  DTRS [deep tendon reflexes] plus 2 bilateral. P.A. Williams noted that Plaintiff reported that he was given 180 Tramadol a month by Dr. Santiago. The assessment was bipolar disorder and chronic pain. The plan section of P.A. Williams' note states: may continue all meds: Buspar 15 mg BID, Citalopram 40 mg one QD, must obtain optic consult for glaucoma. P.A. Williams initially approved Tramadol, a controlled substance, until he could warrant objective reason for Tramadol. Plaintiff's records were obtained from Dr. Santiago. A 3/29/12 progress note by Dr. Santiago (about 9 months prior to intake at the jail) just references Toradol 60 mg IM (single dose). A 3/1/12 note by Dr. Santiago just references Tylenol, Advil, Aspirin, Gabapentin, BuSpar, and Citalopram. P.A. Williams withdrew Tramadol as a medication because it was not warranted based upon Plaintiff's clinical presentation and alternative pain medications were adequate, i.e., Ibuprofen with and without Tylenol. Plaintiff was informed by Nurse Melvin that the Tramadol was denied and Plaintiff was reported to be "ok with the denial." See Exhibit 1, Bates Stamp No. Mercer 90, 99, 101.

3

11.    P.A. Williams' 1/28/13 visit with Plaintiff was his only involvement in Plaintiff's care.

12.    An undated note by Nurse Melvin reflects that Plaintiff sought treatment for "tooth pain rt side upper." Her assessment was: "no infection, but tooth rotten broken off." She applied Orabase to the area and allowed for "Tylenol 2 tabs 2 x daily with Ibuprofen 200 mg 3 tabs 2 x daily x 10 days." Plaintiff was to return if his condition got worse. See Exhibit 1, Bates Stamp No. Mercer 91.

13.    I saw Plaintiff on 4/8/13. Plaintiff requested a referral to an oral surgeon for a toothache, but reported that clove oil -a home remedy for dental pain -was helping. My exam revealed multiple decayed and missing teeth, but no infection. The assessment was tooth decay; problem is chronic. Because there was no infection, a referral to an oral surgeon was not medically necessary or warranted.  See Exhibit 1, Bates Stamp No. Mercer 92.

14.    The medication administration records reflect that Plaintiff frequently was offered and administered Tylenol, Clove Oil and Ibuprofen, among other medications, while at the Mercer County Jail; on occasion, he refused the pain medication. See Exhibit 1, Bates Stamp No. Mercer 30-31, 105-111.

15.    Plaintiff was transferred to the custody of the Rock Island County Jail on 10/28/13.

16.    While at the Rock Island County Jail, Plaintiff complained that he was not being provided with his medications for bipolar disorder and glaucoma -noting he had been given these medications while at the Mercer County Jail -though he refused to see the medical staff. See Exhibit 1, Bates Stamp Nos. HRVA 58, 70-73, 78, 86-87, 90.

4

17.     There is only one reference to Plaintiff's dental condition in Plaintiff's Rock Island County Jail records. On 4/13/14, Plaintiff complained that he asked for Tylenol for a toothache but did not receive it until the next morning. He was told to put in a request to see the doctor if he was having an issue with his teeth, but he did not do so. See Exhibit 1, Bates Stamp Nos. HRVA 78.

18.     I am not aware of any complaints made by Plaintiff concerning his dental condition other than those identified above.

19.     It is my opinion, based upon my review of Plaintiff's records and my medical education, training and experience, to a reasonable degree of medical certainty, that Plaintiff did not suffer from a dental infection during his incarceration at the Mercer County Jail. To my knowledge, Plaintiff has not been diagnosed as having a dental infection since he was released from the jail and has not been prescribed a course of treatment different from that afforded to him at the Mercer County Jail.

20.     It is my opinion, based upon my review of Plaintiff's records and my medical education, training and experience, to a reasonable degree of medical certainty, that Plaintiff was timely provided with any and all medically necessary treatment.

21.     It is my opinion, based upon my review of Plaintiff's records and my medical education, training and experience, to a reasonable degree of medical certainty, that there is no objective evidence of any permanent damage or substantial harm as a result of the alleged misconduct attributable to me or P.A. Williams in this case.

22.     It is my opinion, based upon my review of Plaintiff's records and my medical education, training and experience, to a reasonable degree of medical certainty, that, while Plaintiff was under my care, he was administered ample and appropriate medication and

treatment for any complaints of pain or other dental complaints he might have had. Controlled substances such as Tramadol were not warranted or medically necessary in view of Plaintiff's clinical presentation and condition.

23.      It is my opinion, based upon my review of Plaintiff's records and my medical education, training and experience, to a reasonable degree of medical certainty, that, At no time did P.A. Williams or I refuse Plaintiff any medically necessary care or treatment; to the contrary, P.A. Williams and I met the applicable standard of care regarding our treatment of Plaintiff, as outlined above.

24.      At no time was I aware that a substantial risk of serious harm existed with respect to Plaintiff's condition, nor do I believe he was at such a risk.

25.I declare under penalty of perjury that the foregoing is true and correct.

ADEYEMI FATOKI, M.D.,

SUBSCRIBED and SWORN to before me

this _____ day of _____, 2014.

Notary Public

"OFFICIAL SEAL"
AMANDA C. RAMSEY
Notary Public, State of Illinois
My Commission Expires July 30, 2015

6