4:13-cv-04068-SLD   # 37-11   Page 1 of 4
10209-U0814
JLB
E-FILED
Monday, 20 October, 2014  05:23:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LOREN W. JASPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Law No.: 4:13 CV 04068 |
| | ) |
| JOE OLSON; DR. DAN WILLIAMS, DR. ADEYEMI FATOKI, | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF JOSEPH OLSON

State of Illinois    )
                     )
County of Mercer     )

I, JOSEPH OLSON, declare under penalty of perjury that the following is true and correct and would testify to the same if called to upon to do so:

1. I am the Chief of Corrections for the Mercer County Jail. I have been employed by the Sheriff's Office since 1996. I am not a physician, nor do I have a license to practice medicine in any of its branches.

2. The facts contained in this Declaration are within my personal knowledge or are contained in the records of the Mercer County Jail and the Rock Island County Jail, which are kept in the ordinary course of the jail's operations and which are attached hereto as Exhibits 1 and 2.

3. At all times pertinent to the above-captioned matter, Correctional Healthcare Companies, Inc., ("CHC"), formerly known as Health Professionals, Ltd., was a private correctional healthcare company that was under contract to provide medical care at certain jails, including

1

**EXHIBIT C**

the Mercer County Jail. Co-Defendants Dan Williams, P.A., and Adeyemi Fatoki, M.D., were employed by CHC to provide care to Mercer County Jail inmates.

4. The medical staff provided dental screenings. In the event dental care was medically necessary, the inmate was to be referred out to an off-site provider on the recommendation of Dr. Fatoki. Off-site referrals for federal inmates needed to be approved by the federal government since the federal government was responsible for payment for the same.

5. Plaintiff Loren Jasper was incarcerated at the Mercer County Jail on an aggravated criminal sexual abuse felony charge from 1/11/13 until 10/28/13, at which time he was transferred to the custody of the Rock Island County Jail for a separate aggravated criminal sexual abuse felony charge. He was incarcerated previously in Iowa for forgery and theft. See Exhibit 2, Bates Stamp Nos. HRVA 26, 28, 30.

6. My involvement with Plaintiff as it pertains to the allegations in the above-referenced lawsuit was limited to reviewing and responding to a letter by Plaintiff dated 4/3/13 and four grievances submitted by Plaintiff dated 5/6/13, 5/8/13, 9/17/13 and 9/20/13, copies of which are attached hereto as Exhibit 1, Mercer 1, 2, 3, 4, 20, 21.

7. Plaintiff submitted a letter "to whom it may concern" dated 4/3/13 complaining that he was not able to get Tylenol during the night time hours (8 p.m. and 8 a.m.) for a toothache. I responded by telling Plaintiff to submit a medical request form to the nurse so they could discuss this issue. See Exhibit 1, Mercer 1.

8. Plaintiff submitted a grievance dated 5/6/13 saying that he had sent me letters and notes and that I was ignoring him. I responded by stating that the grievance dated 5/6/13 was the first grievance I received from him and that I will respond to any issues raised in a grievance. See Exhibit 1, Mercer 2.

9. Plaintiff submitted a grievance dated 5/8/13 complaining that correctional officers were passing out medications instead of nurses and that he was being denied dental care and pain medication. I responded by stating that it is lawful for correctional officers to pass out medications to inmates and that whether pain medications and a referral for off-site dental treatment are medically necessary are medical determinations that I am not qualified to make and must defer to Dr. Fatoki on. See Exhibit 1, Mercer 3.

10. Plaintiff submitted a grievance dated 9/17/13 stating that he saw the nurse for a toothache and was told he would have to wait until the next month to see Dr. Fatoki. I responded by instructing Plaintiff to submit a medical request form to the nurse again and she will call the doctor to get him started on medications for his claimed discomfort and infection. Plaintiff failed to submit a request form. He was transferred to the Rock Island County Jail on 10/28/13. See Exhibit 1, Mercer 20.

11. Plaintiff submitted a grievance dated 9/20/13 stating that he asked for Ibuprofen and Tylenol at 3:35 p.m. but was told he would have to wait until 8 p.m. By way of brief background, medications are passed out at the jail at 8 a.m. and 8 p.m. daily. I responded by stating that the frequency within which medications are passed out are medical decisions for the nurse and doctor at the jail. See Exhibit 1, Mercer 21.

12. I have not received any complaints from Plaintiff concerning his dental condition since his grievance dated 9/20/13, nor have I had any personal involvement in his care for the same.

13. The jail records reflect that Plaintiff was evaluated and treated by the medical staff at least four times during his incarceration at the jail. *See* Exhibit 1, Mercer 88-90.

14. The medication administration records reflect that Plaintiff frequently was offered and administered Tylenol, Clove Oil and Ibuprofen, among other medications, while at the Mercer County Jail; on occasion, he refused the pain medication. See Exhibit 1, Bates Stamp No. Mercer 30-31, 105-111.

15. It was Dr. Fatoki's medical opinion that Plaintiff did not have a dental infection and that a referral to an off-site dentist or oral surgeon was not medically necessary. See Exhibit 1, Bates Stamp No. Mercer 92.

16. Insofar as I am not a physician and have no reason to question the care provided to Plaintiff, it was reasonable for me to rely on the medical opinion of Dr. Fatoki and the care provided by the medical staff.

17. At no time did I believe or have reason to believe that Plaintiff was denied any medically necessary care or treatment, nor do I believe he was denied such care.

18. At no time was I aware that a substantial risk of serious harm existed with respect to Plaintiff's condition, nor do I believe he was at such a risk.

19. I declare under penalty of perjury that the foregoing is true and correct.

_____
JOSEPH OLSON

SUBSCRIBED and SWORN to before me

this _11_ day of _July_, 2014.

_____
Notary Public

OFFICIAL SEAL
PAULA D NELSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/07/15