E-FILED
Tuesday, 23 December, 2014  02:02:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOREN W. JASPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Law No.:  4:13 CV 04068 |
| | ) | |
| JOE OLSON;  DR. DAN WILLIAMS, DR. ADEYEMI FATOKI, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, ADEYEMI FATOKI, M.D., DAN WILLIAMS, P.A., and JOSEPH OLSON, by and through their attorneys HEYL, ROYSTER, VOELKER & ALLEN, filed pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1, as follows:

### *Introduction*

This was Plaintiff's "put up or shut up" moment whereby he was required to show that he had a serious medical/emergency dental condition which necessitated treatment and that such was deliberately disregarded by Dr. Fatoki, P.A. Williams and Mr. Olson. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000).  Plaintiff failed to do so.

The undisputed record demonstrates that Plaintiff did not lose weight due to an inability to chew food, nor do the records show that Plaintiff complained of an inability to eat in light of his dental condition. Plaintiff did not complain of tooth sensitivity with temperatures. The records do not show that Plaintiff had bleeding gums or an inability to close his mouth. Plaintiff reported relief with pain medication and clove oil and, at times, refused pain medication because he was not experiencing pain. Plaintiff did not have a dental infection. Plaintiff's tooth

decay was a chronic problem that did not worsen during his incarceration at the Mercer County Jail ("MCJ"). Plaintiff was an inmate temporarily confined at a jail –not a prisoner – who did not have an emergency dental condition under 20 Ill. Admin. Code § 701.90(b)(1)(A).

Specifically, a referral to an off-site dentist is only required in a jail context when an emergency dental condition exists and is medically necessary. *See* 20 Ill. Admin. Code § 701.90(b)(1)(A) ("[a]rrangements shall be made for provisions of emergency dental care as determined necessary by a dentist or a physician"). This rule makes sense since jail stays are typically, relatively brief while the inmate awaits trial or a transfer to one of the Illinois Department of Corrections' prisons where routine and more extensive evaluations and care, including dental, are provided. *Compare* 20 Ill. Admin. Code § 701.90(b)(1)(A) applicable to jails (quoted above) *with* 20 Ill. Admin. Code § 415.30 applicable to prisons ("Each offender shall be examined by a dentist within 10 working days after admission to a reception and classification center. The dentist shall chart the oral cavity and classify dental health. . . Persons committed to adult and juvenile facilities (excluding transition centers) shall be provided medical and dental treatment . . . as prescribed by a Department physician or dentist.").

Further, Plaintiff unequivocally admits a majority of the facts which support Dr. Fatoki, P.A. Williams and Mr. Olson's summary judgment motion. Of the facts that Plaintiff claims to dispute, he does so in a nonresponsive fashion and fails to support his denials with any admissible evidence.  For these reasons, as articulated in detail below, summary judgment should be granted in favor of Dr. Fatoki, P.A. Williams and Mr. Olson as a matter of law.

### *Undisputed Material Facts*

Plaintiff admits Defendants' Paragraphs 1-2, 4-5, 7-9, 11-13, 15 and 21-28. Although Plaintiff claims to dispute Defendants' Paragraphs 3, 6, 10, 14, 16-20 and 29, he fails to support his denials with admissible evidence and his denials are nonresponsive in violation of Federal Rule of Civil Procedure 56 and Local Rule 7.1. The following facts are undisputed unless there is an indication to the contrary:

Plaintiff was incarcerated at the MCJ from 1/11/13 until 10/28/13, at which time he was transferred to the custody of the Rock Island County Jail. Dr. Fatoki and P.A. Williams were employed to provide medical care and dental screenings, but not dental care, at MCJ. Mr. Olson, who is not a physician, was the Chief of Corrections. *See* Defendants' Statement of Facts, Court Doc. No. 37 ("SOF"), paras. 1-3.

Plaintiff purports to deny Paragraph 3, which discusses the CHC-Jail contract concerning dental screenings and the circumstances under which inmates were to be referred out to a dentist, i.e., when medically necessary such as when antibiotics are ineffective in resolving an infection, by claiming that Dr. Fatoki did not perform a thorough dental screening on 4/18/13. This is nonresponsive and inconsistent with Plaintiff's Exhibit 1, which demonstrates that Dr. Fatoki took Plaintiff's subjective history and performed an objective examination which revealed decayed and missing teeth, but no infection. *See, e.g., Moss v. Mormon*, No. 99 C 3571, 2001 WL 1491183, at *4 (N.D.Ill. Nov. 26, 2001) (Exhibit 1) (the validity of a proffered medical record may not be disputed by an inmate without contrary evidence); *Snow v. Keegan*, No. 1:12-CV-2447, 2014 WL 2892514, at *1 (N.D. Ill. June 25, 2014) (Exhibit 1) (same); *Myers v. McAuley*, No. 02 C 1590, 2003 WL 22232830, at *2 (N.D.Ill. Sept. 16, 2003) (Exhibit 1) (same).

Upon intake, Plaintiff did not report any problems or required medications. SOF, para. 4. P.A. Williams saw Plaintiff once on 1/28/13 for medication management –not for any dental complaints. SOF, para. 8. Although Plaintiff denies that aspect of the 1/28/13 note which states that Plaintiff said he was okay with Tramadol not being approved, such is inconsistent with the records, self-serving. It is also immaterial because Plaintiff fails to refute that Tramadol, a controlled substance, was not medically necessary. P.A. Williams concluded that such was not necessary based upon Plaintiff's clinical presentation and the existence of alternative, adequate pain medications, i.e., Ibuprofen with and without Tylenol and Orabase. Also, Plaintiff's primary care physician, Dr. Santiago, who originally wrote the prescription for Tramadol, signed a sworn declaration stating that Tramadol was not prescribed for the dental complaints at issue and did not prescribe Tramadol for the time period at issue. SOF, paras. 6-7, 9. The 1/28/13 visit was P.A. Williams' only personal involvement in Plaintiff's care.

Dr. Fatoki saw Plaintiff on 4/8/13. Plaintiff requested a referral to an oral surgeon for a toothache, but reported that clove oil -a home remedy for dental pain -was helping. Dr. Fatoki's exam revealed multiple decayed and missing teeth, but no infection. The assessment was tooth decay; problem is chronic. Because there was no infection, a referral to an oral surgeon was not medically necessary or warranted. SOF, para. 10. Plaintiff purports to deny Paragraph 10, but his denial is nonresponsive insofar as he only takes issue with Dr. Fatoki's competence to perform a dental screening –a claim which is not supported by any evidence. Indeed, the County Jail Standards expressly allow medical doctors to perform dental screenings. *See* 20 Ill. Admin. Code § 701.90(b)(1)(A).

It is undisputed that neither Dr. Fatoki, P.A. Williams nor Jail Administrator Olson are aware of any complaints made by Plaintiff concerning his dental condition other than those identified above. SOF, para. 15. Plaintiff never complained that his tooth pain prevented him from eating while at the MCJ. The medication administration records reflect that Plaintiff frequently was offered and administered Tylenol, Clove Oil and Ibuprofen, among other medications, while at the Mercer County Jail; on occasion, he refused the pain medication. Plaintiff admits in his response that there were times when he refused pain medications because he was not in pain. SOF, para. 11. Plaintiff was transferred to the custody of the Rock Island County Jail on 10/28/13. SOF, para. 12.

While at the Rock Island County Jail, Plaintiff complained that he was not being provided with his medications for bipolar disorder and glaucoma –noting he had been given these medications while at the MCJ –though he refused to see the medical staff. SOF, para. 13. There is only one reference to Plaintiff's dental condition in Plaintiff's Rock Island County Jail records that were subpoenaed by the defense in May of 2014. On 4/13/14, Plaintiff complained that he asked for Tylenol for a toothache but did not receive it until the next morning. He was told to put in a request to see the doctor if he was having an issue with his teeth, but he did not do so. SOF, para. 14. In his response, Plaintiff cites to sick call requests that he obtained independently (but did not produce to defense counsel) and submitted after the defense subpoenaed records from the Rock Island County Jail wherein he complains of tooth pain, asks for pain medication stronger than Ibuprofen and Tylenol, and asks to see an oral surgeon. That the doctor at the Rock Island County Jail has refused these requests only buttresses the defense, however.

Dr. Fatoki and P.A. Williams hold the following expert opinions to a reasonable degree of medical certainty: (a) Plaintiff did not suffer from a dental infection during his incarceration at the MCJ, SOF, para. 16; (b) Plaintiff was timely provided with any and all medically necessary treatment, SOF, para. 17; (c) there is no objective evidence of any permanent damage or substantial harm as a result of the alleged misconduct in this case, SOF, para. 18; (d) while Plaintiff was under their care, he was administered ample and appropriate medication and treatment for any complaints of pain or other dental complaints he might have had; controlled substances such as Tramadol were not warranted or medically necessary in view of Plaintiff's clinical presentation and condition and the availability of alternate, adequate pain medications, SOF, para. 19; and, (e) at no time did the defendants refuse Plaintiff any medically necessary care or treatment; to the contrary, the defendants met the applicable standard of care regarding their treatment of Plaintiff, as outlined above, SOF, para. 20.

Plaintiff denies the above opinions on the ground that Dr. Fatoki and P.A. Williams are not dentists, but, again, Plaintiff fails to support this claim with any evidence and has not produced any competent evidence which refutes the above opinions. Plaintiff purports to submit the written statement of a former cellmate to support the proposition that he had complaints of tooth pain in April of 2013 and that there was one instance where he had to wait hours to get pain medication from the nurse. The written statement should be stricken insofar as the statement is not notarized, the statement appears to be in Plaintiff's handwriting, the cellmate lacks competence to render expert opinions and the statement is insufficient to contradict the above expert opinions.

Plaintiff admits that Mr. Olson's involvement with Plaintiff was limited to reviewing and responding to a letter by Plaintiff dated 4/3/13 and four grievances submitted by Plaintiff dated 5/6/13, 5/8/13, 9/17/13 and 9/20/13. SOF, para. 21. The written submissions relate to receiving Tylenol at times other than 8 a.m. and 8 p.m., whether correctional officers could pass out medications and sick call requests. Mr. Olson consistently responded in a timely fashion and deferred medical decisions to the medical staff. SOF, paras. 22-26. It is undisputed that Mr. Olson was not personally involved in Plaintiff's medical care and, as he is not a physician, had no reason to question the care provided to Plaintiff. Plaintiff admits that it was reasonable for Mr. Olson to rely on the medical opinions of Dr. Fatoki and the care provided by the medical staff. SOF, paras. 27-28.

Plaintiff denies Paragraph 29, i.e., at no time were the defendants aware that a substantial risk of serious harm existed with respect to Plaintiff's condition, nor was he at such a risk. In support of his denial, Plaintiff cites to one unsworn newspaper article from an unknown source –by a medical doctor –not a dentist –on the general topic of gum disease, but Plaintiff fails to cite to any evidence which makes that article relevant or otherwise admissible.

Plaintiff elected not to include a statement of additional facts.

### *Argument*

As a threshold issue, summary judgment should be granted in favor of P.A. Williams and Mr. Olson as a matter of law because they were not personally involved in the care at issue. It is undisputed that P.A. Williams saw Plaintiff once on 1/28/13 for medication management. He never saw Plaintiff for his dental condition or his dental complaints, nor was he ever made aware of such complaints. Plaintiff's primary care physician signed a sworn declaration in this case

wherein he states that the Tramadol that he prescribed prior to Plaintiff's incarceration at the MCJ was not prescribed for the dental condition at issue in this case, nor was it prescribed for the time period at issue. SOF, paras. 6-7, 9. Plaintiff further admits that Mr. Olson was not personally involved in Plaintiff's medical care and, as he is not a physician, had no reason to question the care provided to Plaintiff. Plaintiff also admits that it was reasonable for Mr. Olson to rely on the medical opinions of Dr. Fatoki and the care provided by the medical staff. SOF, paras. 27-28. Plaintiff does not address either of these issues in his response brief. Under these circumstances, summary judgment should be granted in favor of P.A. Williams and Mr. Olson as a matter of law due to lack of personal involvement. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff likewise does not construct an argument against Dr. Fatoki in terms of deliberate indifference or whether qualified immunity applies. He instead cites to various civil rights cases, summarized below for the Court's reference, which stand for general propositions that are not specific to this case:

> *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003): The plaintiff was a prisoner who only had two teeth and needed dentures, which the prison dentist prescribed on the first visit. He could only ingest soft foods with his tongue and could not close his mouth without his gums bleeding –unlike this case. He lost 20 lbs. in three months because he could not eat –unlike this case. The prisoner communicated these complaints to the prisoner dentist. The dentist and the prisoner got into an argument and the dentist told him that he could not be bothered by him. There was a 15 month delay in procuring the dentures; the prisoner received them one month after he filed the lawsuit. Plaintiff was not even incarcerated for more than 10 months here. The court found sufficient evidence to raise a question of a serious medical condition and deliberate indifference. In doing so, the court qualified its holding by clarifying: "We are not saying that merely having few or no

teeth and a definite need for dentures per se constitutes a serious medical need in each case." *Farrow*, 320 F.3d at 1244-45.

*Lavender v. Lampert*, 242 F. Supp. 2d 821 (D. Or. 2002): This case does not involve dental complaints or care. The plaintiff was a prisoner suffering from partial spastic paralysis from a gunshot would which caused his right foot to flex and curl his toes into a claw. The court held that there were sufficient facts to create an issue as to deliberate indifference for many reasons, including that he was given a medication that he was allergic to, on two occasions the prisoner waited for more than 30 days for the doctor to prescribe pain medication, the orthopedic boots he was issued were the wrong size, his wheelchair was confiscated, etc. In contrast, here, Plaintiff had prescriptions for pain medications and clove oil, which provided Plaintiff with relief, during his entire incarceration. There were allegedly two delays in obtaining pain medications but it was a matter of hours –not days –and they involved a nurse who is not a party to this lawsuit.

*Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005): Arrestees brought a civil rights action against county sheriff and their jailers alleging their rights were violated when they were denied, among other things, toothpaste for 16 weeks for one inmate and 3.5 weeks for another inmate resulting in decayed teeth that had to be extracted. The court found it significant that there was a decline in the inmates' dental condition because of the deprivation, which is unlike this case. There is no evidence that Plaintiff's dental condition deteriorated here or that any conduct on the part of the defendants caused Plaintiff's dental condition.

*Hunt v. Dental Dep't*, 865 F.2d 198, 199 (9th Cir. 1989):  The prisoner had dentures due to missing teeth. He lost his dentures in a prison riot. His request for new dentures was denied. His gums bled and became infected. He lost weight due to his inability to eat properly; his request for a soft food diet was denied. The court found that the prisoner stated a claim for deliberate indifference. None of these facts exist in this case.

*Wynn v. Southward*, 251 F.3d 588 (7th Cir.2001): The prisoner was found to have stated a claim for a serious medical need where the prisoner alleged that a lack of dentures caused bleeding gums, inability to eat, headaches and disfigurement. None of these facts exist in this case.

*Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998): A 27 year old prisoner complained that the prison dentists' actions caused his teeth to deteriorate, that he was unable to chew properly and choked on his food due to an extremely painful dental condition – conditions not present in this case. The dentists insisted on extricating his teeth when fillings were allegedly a viable alternative so the prisoner refused the extrications. The court found that the prisoner stated a claim. The court qualified its holding by noting: "Dental conditions, like other medical conditions, may be of varying severity. The standard for Eighth Amendment violations contemplates 'a condition of urgency' that

may result in 'degeneration' or 'extreme pain.' There is no evidence of a dental emergency in this case.

*Goodnow v. Palm*, 264 F. Supp. 2d 125, 127 (D. Vt. 2003): The court found that a prisoner who sustained a broken tooth at the gum line stated a claim. Prison dentists agreed that he needed restorative work done, but it was not provided. The prisoner complained of temperature sensitivity and inability to eat properly –unlike in this case.

*Hartsfield v. Colburn*, 371 F.3d 454, 456 (8th Cir.2004): The court explained that suffering "extreme pain from loose and infected teeth, which caused blood to seep from [plaintiff's] gums, swelling, and difficulty eating and sleeping" is a need for medical attention obvious to a layperson. Plaintiff here did not have a dental infection, swelling, difficulty eating or bleeding.

The cases cited by Plaintiff are different and distinguishable from the present case insofar as here: (a) Plaintiff did not lose weight due to an inability to chew food, nor do the records show Plaintiff complained of an inability to eat; (b) Plaintiff did not complain of tooth sensitivity with temperatures; (c) Plaintiff did not complain of, and was not noted to have, bleeding of the gums or an inability to close his mouth; (d) Plaintiff reported relief with pain medication and clove oil and, at times, refused pain medication because he was not experiencing pain; (e) Plaintiff did not have a dental infection; (f) Plaintiff's tooth decay was a chronic problem that did not worsen during his incarceration at the MCJ; (g) Plaintiff was an inmate temporarily confined at a jail –not a prisoner – who did not have an emergency dental condition under 20 Ill. Admin. Code § 701.90(b)(1)(A).

In sum, Plaintiff has not shown that: (1) the harm to him was objectively serious; (2) Dr. Fatoki, P.A. Williams and Mr. Olson were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and they drew that inference; or, (3) that his condition worsened as a result of the conduct of Dr. Fatoki, P.A. Williams and/or Mr. Olson. *See, e.g., Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995) (repeated acts of medical malpractice

are not sufficient); *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (stating that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed"). Plaintiff also failed to address the defendants' argument that they are entitled to qualified immunity.

WHEREFORE, for the aforementioned reasons, Defendants, ADEYEMI FATOKI, M.D., DAN WILLIAMS, P.A., and JOSEPH OLSON, respectfully request that this Court grant summary judgment in their favor and against Plaintiff since there is no dispute as to any material fact and they are entitled to judgment as a matter of law.

ADEYEMI FATOKI, M.D., DAN WILLIAMS and
JOSEPH OLSON

BY:_____s/ Jana L. Brady_____
HEYL, ROYSTER, VOELKER & ALLEN
Jana L. Brady
ARDC #: 6281390

HEYL, ROYSTER, VOELKER & ALLEN
Second Floor, PNC Bank Building
120 West State Street - P.O. Box 1288
Rockford, Illinois 61105 1288
Telephone:      815.963.4454
Facsimile:       815.963.0399

## **PROOF OF SERVICE**

I hereby certify that on the <u>23rd</u> day of <u>December</u>, 2014, I electronically filed the foregoing instrument, REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT, with the Clerk of the Court using the CM/ECF system and that a file-stamped copy was sent to pro se plaintiff Loren W. Jasper, via Certified Mail by United States Postal Service in an envelope addressed to him at his address as disclosed by the pleadings of record herein, on the 23rd day of December, 2014.

***Via Certified Mail***
Loren W. Jasper
24087
Rock Island County Jail
Inmate Mail/Parcels
1317 Third Ave
Rock Island, IL 61201
PRO SE


                               Jana L. Brady

26409952_1